WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Anthony Morris,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | CIV 14-2518-PHX-NVW (MHB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE NEIL V. WAKE, UNITED STATES DISTRICT COURT:

Petitioner Mark Anthony Morris, who is confined in the Arizona State Prison-Kingman in Kingman, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Respondents filed an Answer (Doc. 9), and Petitioner has filed a reply (Doc. 10).

## BACKGROUND[1]

The following facts were found by the Arizona Court of Appeals:

> In October of 2006, [Petitioner] was stopped by a police officer in Phoenix. The officer discovered that [Petitioner] was driving with a suspended license and placed him under arrest. During a subsequent search of the vehicle, a gun was discovered as well as pills later found to contain methamphetamine.
>
> [Petitioner] was charged with misconduct involving weapons [the 2006 case] and possession of methamphetamine [the 2008 case], both class 4 felonies, in separate indictments that were later consolidated for trial. The State alleged

---

[1] Unless otherwise noted, the following facts are derived from the exhibits submitted with Doc. 9 – Respondents' Answer.

> numerous historical prior offenses, as well as the potential use of future convictions on pending charges. The State later dismissed some of the pending charges and re-charged them with other offenses in a new case.
>
> At trial, [Petitioner] testified and admitted two felony convictions in 1992, and a federal weapons conviction. The jury found [Petitioner] guilty of both charges, and also found the aggravating factor that [Petitioner] had previously served time in prison.
>
> At sentencing, [Petitioner] did not argue that his admitted priors failed to qualify for enhancement, except to ask whether the federal conviction could be used. The State asserted generally that the federal statute mirrored the Arizona statute and would qualify as a prior for sentencing, but did not provide any specific authority to compare the elements of the offenses. Likewise, the court did not engage in any specific analysis or finding on the matter.
>
> [Petitioner] was sentenced to presumptive terms of 10 years for each conviction, to be served concurrently with a 13.5 year aggravated term in a different cause number.[1]
>
> > [1] [Petitioner] was sentenced for four different cause numbers at the sentencing hearing, each of which included various counts. The cause numbers were: CR 2003-038528, CR 2006-166112, CR 2008-111440, and CR 2009-006265 [the 2009 case]. [Petitioner] had previously entered a plea agreement in the 2003 and 2009 matters.

(Exh. T; Exhs. D-M.)

On August 12, 2010, Petitioner filed timely notices of appeal from his convictions and sentences in the 2006 and 2008 cases. (Exhs. O & P.) In his opening brief, Petitioner argued that the trial court erred in determining that he had two prior historical felony convictions and, as a result, sentencing him as a repetitive offender. (Exh. R.)

The Arizona Court of Appeals affirmed Petitioner's convictions and sentences in a memorandum decision issued on August 18, 2011, finding that Petitioner's 1992 convictions both served as historical prior felony convictions and the trial court did not err in sentencing him. (Exh. T.)

On September 19, 2011, Petitioner filed a petition for review in the Arizona Supreme Court, asserting the same sentencing claim with regard to one of his 1992 convictions. (Exh. U.) The Arizona Supreme Court denied Petitioner's petition on March 8, 2012. (Exh. CC.)

1  On August 4, 2010, Petitioner commenced his first round of PCR proceedings by
2 filing a timely PCR notice in the 2006, 2008, and 2009 cases.[2] (Exh. N.) On September 19,
3 2011, Petitioner's appointed attorney notified the state court that he had completed his review
4 of the 2009 case and was unable to discern any colorable claim upon which to base a PCR
5 petition. (Exh. X.) Appointed counsel further successfully requested an extension of time for
6 Petitioner to file a *pro per* PCR petition. (Id.; Exh. Z.)

7  That same day, counsel filed a PCR petition in the 2006 case in which he argued that:
8 (1) trial counsel provided ineffective assistance by failing to properly investigate Petitioner's
9 prior convictions; (2) appellate counsel provided ineffective assistance by failing to properly
10 investigate whether the historical prior convictions used by the sentencing court were valid
11 historical prior convictions; (3) Petitioner's prison sentence was illegal because it was
12 enhanced with two historical prior convictions that were too remote in time to be properly
13 used; and (4) trial counsel was ineffective for failing to file a motion to the sentencing court
14 relating to time-credit Petitioner was entitled to receive as a result of being incarcerated in
15 federal prison on a related weapons conviction. (Exh. W.)

16  On October 5, 2011, the state court dismissed Petitioner's Rule 32 proceedings in the
17 2008 case for failure to file a PCR petition by the designated deadline. (Exh. Y.)

18  The state court dismissed Petitioner's PCR petition in the 2006 case on February 7,
19 2012. (Exh. BB.) In its minute entry, it held that Petitioner failed to present a colorable claim
20 for post-conviction relief and adopted the State's reasoning provided in its response –
21 namely, that Petitioner was precluded from raising his sentencing claim and the
22 accompanying ineffective-assistance-of-counsel (IAC) claims were without merit because
23 the court of appeals ruled that the prior felony convictions alleged at trial were proper and
24 found that no sentencing error had occurred. (Id.; Exh. AA.)

---

[2] As noted by the Arizona Court of Appeals in footnote 1 of its Memorandum Decision, Petitioner pled guilty in the 2009 case; he was sentenced on July 23, 2010. (Exhs. I, J, & M.)

- 3 -

1  Petitioner did not file a petition for review in the Arizona Court of Appeals or Arizona
2  Supreme Court from the state court's summary dismissal in the 2006 or 2008 cases. (Exhs.
3  A & B.)

4  On March 15, 2012, Petitioner filed a *pro per* PCR petition in the 2009 case, arguing
5  that: (1) trial counsel was ineffective for failing to move to dismiss Count 1 of his indictment
6  when the State did not prosecute him within the time constraints prescribed by the statute of
7  limitations; and (2) his conviction and sentence for the crime of conspiracy to commit money
8  laundering should be dismissed for the State's failure to prosecute him within the time
9  constraints prescribed by the statute of limitations. (Exh. DD.)

10 The state court dismissed Petitioner's PCR petition in the 2009 case on October 3,
11 2012. (Exh. KK.) It held Petitioner failed to state a colorable claim for post-conviction relief
12 and adopted the reasoning set forth in the State's response – that Petitioner was prosecuted
13 well within the 7-year statute of limitations because the detectives did not begin their
14 investigation into Petitioner's actions until 2005 and the ineffective assistance of counsel
15 claim was meritless. (Id.; Exh. II.)

16 Petitioner did not file a petition for review in the Arizona Court of Appeals or Arizona
17 Supreme Court from the state court's dismissal in the 2009 case. (Exh. C.)

18 On April 5, 2012, Petitioner commenced his second round of PCR proceedings by
19 filing an untimely PCR notice in the 2008 case. (Exh. EE.) While Petitioner responded
20 affirmatively to the question as to whether he was raising an IAC claim, he did not assert any
21 facts to support his claim. (Id.) Several months later, Petitioner's appointed counsel notified
22 the state court that he had completed his review of the 2008 case and was unable to discern
23 any colorable claim upon which to base a PCR petition. (Exh. GG.) Appointed counsel
24 further successfully requested an extension of time for Petitioner to file a *pro per* PCR
25 petition. (Id.; Exh. HH.)

26 The state court dismissed Petitioner's PCR notice on October 30, 2012, finding that
27 Petitioner failed to file a *pro per* PCR petition by the designated deadline. (Exhs. MM &
28 OO.)

- 4 -

1    Petitioner did not file a petition for review in the Arizona Court of Appeals or Arizona
2    Supreme Court from the state court's summary dismissal in the 2008 case. (Exh. B.)

3    On October 18, 2012, Petitioner commenced his third round of PCR proceedings by
4    filing an untimely PCR notice in the 2006, 2008, and 2009 cases. (Exh. LL.) In his notice,
5    Petitioner asserted that the state court should consider his untimely notice because newly
6    discovered material facts existed which probably would have changed the verdict or
7    sentence. (Id.) In an attached memorandum, Petitioner claimed he had just become aware of
8    two Arizona Supreme Court cases – Stewart v. Smith, 46 P.3d 1067 (Ariz. 2002), and State
9    v. Moody, 968 P.2d 578 (Ariz. 1998) – alerting him to constitutional structural error due to
10   the deprivation of the assistance of counsel at all critical stages. (Id.) He contended that
11   irreconcilable conflicts of interest adversely affected his counsel's competence to require the
12   State to comply with state procedural rules. (Id.)

13   The state court dismissed Petitioner's PCR notice on October 30, 2012. (Exh. MM.)
14   It held that Petitioner's IAC claim could not be raised in an untimely or successive Rule 32
15   proceeding pursuant to Arizona Rule of Criminal Procedure 32.4(a), and Petitioner failed to
16   state a claim for which relief could be granted in an untimely Rule 32 proceeding. (Id.)

17   Petitioner did not file a petition for review in the Arizona Court of Appeals or Arizona
18   Supreme Court from the state court's dismissal of his PCR notice in the 2006, 2008, and
19   2009 cases. (Exhs. A-C.)

20   On February 25, 2013, Petitioner commenced his fourth round of PCR proceedings
21   by filing an untimely PCR notice in the 2006, 2008, and 2009 cases. (Exh. NN.) In his notice,
22   petitioner contended that newly discovered material facts existed which probably would have
23   changed the verdict or sentence. (Id.) Specifically, he claimed "breach of agreement" because
24   his plea agreement for conspiracy to commit money laundering erroneously designated the
25   offense a class 2 felony, rather than a class 3 felony as required by Arizona law. (Id.) Finally,
26   Petitioner alluded that trial counsel was ineffective for failing to inform him of the
27   discrepancy and he claimed that he did not raise this claim in a prior Rule 32 proceeding
28   because he believed PCR counsel was evaluating the issue. (Id.)

- 5 -

1    The state court dismissed Petitioner's fourth PCR notice on March 22, 2013, holding that Petitioner failed to "provide any facts, affidavits, records, or other evidence to support why these facts could not have been discovered and produced previously through reasonable diligence." (Exh. OO.) Rather the state court found that Petitioner's claims were more appropriately analyzed pursuant to Arizona Rule 32.1(a), which could not be raised in an untimely or successive PCR notice. (Id.) Consequently, the state court found that Petitioner had failed to state a claim for which relief could be granted in an untimely or successive Rule proceeding pursuant to Arizona Rule 32.4(a). (Id.)

On April 8, 2013, Petitioner filed a petition for review in the Arizona Court of Appeals, asserting the same "breach of agreement" and IAC claims. (Exh. PP.) Petitioner further argued that the state court erred in denying his motion for extension of time to adequately prepare, revive dismissed proceedings, and present wholly new issues and arguments. (Id.)

The Arizona Court of Appeals granted review but denied relief on October 21, 2014. (Exh. QQ.) It held that Petitioner's claims that his conviction should have been designated a class 3 felony rather than a class 2, and the associated IAC claims, were precluded pursuant to Arizona Rule 32.2(a) because they could have been raised in an earlier PCR proceeding. (Id.) It further held that the denial of a motion to extend time to file a petition for review was not a cognizable claim under Rule 32, and Petitioner's unfamiliarity with the rules was insufficient to require the state court to grant a motion to extend. (Id.) Finally, with regard to any additional issues, the court of appeals found that Petitioner failed to raise them in a PCR petition and could not raise them for the first time in a petition for review. (Id.)

Petitioner did not file a petition for review in the Arizona Supreme Court. (Exh. RR.)

On November 14, 2014, Petitioner filed the instant habeas petition, which advances five grounds for relief. In Ground One, he claims he received ineffective assistance of counsel, in violation of the Sixth Amendment, because his attorney allowed or advised Petitioner to take the stand at trial, where he subsequently incriminated himself and admitted to prior felony convictions. In Ground Two, he asserts that the trial court erred in sentencing

- 6 -

him. In Ground Three, Petitioner contends he received ineffective assistance of counsel because his attorney failed to properly investigate Petitioner's prior convictions. In Ground Four, he alleges that he received ineffective assistance of counsel because his attorney failed to challenge the designation of the money laundering charge as a class two felony. In Ground Five, Petitioner claims that he received ineffective assistance of counsel when his attorney failed to move to dismiss Count 1 of the 2009 indictment due to the State's failure to prosecute in a timely fashion.

**DISCUSSION**

In their Answer, Respondents contends that Petitioner's habeas petition is untimely and must be dismissed.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244(d)(1). The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

"[T]he period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition." Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period.

- 7 -

28 U.S.C. § 2244(d)(2); see Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). A state petition that is not filed, however, within the state's required time limit is not "properly filed" and, therefore, the petitioner is not entitled to statutory tolling. See Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Id. at 414.

A post-conviction petition is "clearly pending after it is filed with a state court, but before that court grants or denies the petition." Chavis v. Lemarque, 382 F.3d 921, 925 (9th Cir. 2004). In Arizona, post-conviction review is pending once a notice of post-conviction relief is filed even though the petition is not filed until later. See Isley v. Arizona Department of Corrections, 383 F.3d 1054, 1056 (9th Cir. 2004). An application for post-conviction relief is also pending during the intervals between a lower court decision and a review by a higher court. See Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing Carey v. Saffold, 536 U.S. 214, 223 (2002)). However, the time between a first and second application for post-conviction relief is not tolled because no application is "pending" during that period. See Biggs, 339 F.3d at 1048; see also King v. Roe, 340 F.3d 821 (9th Cir. 2003) (The petitioner was "not entitled to tolling during the interval between the completion of one round of state collateral review and the commencement of a second round of review."). Moreover, filing a new petition for post-conviction relief does not reinitiate a limitations period that ended before the new petition was filed. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

The statute of limitations under AEDPA is subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 645-46 (2010). However, for equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way'" and prevented him from filing a timely petition. Id. at 648-49 (quoting Pace, 544 U.S. at 418).

The Court finds that Petitioner's Petition for Writ of Habeas Corpus is untimely. The Arizona Supreme Court denied Petitioner's petition for review of his direct appeal in the 2006 and 2008 cases on March 8, 2012. (Exhs. O-U, CC.) Petitioner's convictions became

- 8 -

1 final 90 days later – on June 6, 2012 – when the time expired for filing a petition for writ of
2 *certiorari* in the United States Supreme Court. See 28 U.S.C. § 2244(d)(1)(A) (providing
3 AEDPA statute of limitations begins "the date on which the judgment became final by the
4 conclusion of direct review or the expiration of the time for seeking such review"); Porter
5 v. Ollison, 620 F.3d 952, 958-59 (9th Cir. 2010) ("When, on direct appeal, review is sought
6 in the state's highest court but no petition for *certiorari* to the United States Supreme Court
7 is filed, direct review is considered to be final when the *certiorari* petition would have been
8 due, which is 90 days after the decision of the state's highest court.").

9 Petitioner, however, filed his timely notice of post-conviction relief in the 2006, 2008,
10 and 2009 cases before his convictions became final. (Exh. N.) Because the notice was
11 properly filed, it started tolling AEDPA's 1-year statute of limitation before it started to run.

12 In the 2008 case, the state court dismissed Petitioner's PCR notice on October 5, 2011,
13 for failure to file a timely PCR petition. (Exh. Y.) In the 2006 case, the state court dismissed
14 Petitioner's Rule 32 proceeding on February 7, 2012. (Exh. BB.) With regard to Petitioner's
15 2009 case, as noted previously, he pled guilty and was sentenced on July 23, 2010. (Exhs.
16 I, J, & M.) An "of-right" petition for post-conviction review under Arizona Rule of Criminal
17 Procedure 32, which is available to criminal defendants who plead guilty, is a form of "direct
18 review" within the meaning of 28 U.S.C. § 2244(d)(1)(A). See Summers v. Schriro, 481 F.3d
19 710, 711 (9th Cir. 2007). Therefore, the judgment of conviction becomes final upon the
20 conclusion of the Rule 32 of-right proceeding, or upon the expiration of the time for seeking
21 such review. See id. As noted previously, Petitioner timely filed his first PCR notice on
22 August 4, 2010. (Exh. N.) The state court dismissed Petitioner's subsequently filed PCR
23 petition on October 3, 2012. (Exh. KK.) Petitioner did not file a petition for review in the
24 Arizona Court of Appeals or the Arizona Supreme Court. Thus, Petitioner's state court
25 convictions became final on November 2, 2012, when his opportunity to petition for review
26 in the Arizona Court of Appeals expired. See 28 U.S.C. § 2244(d)(1)(A) (noting that 1-year
27 limitation period shall run from the latest of "the date on which the judgment became final
28 by the conclusion of direct review or the expiration of the time for seeking such review");

- 9 -

Ariz.R.Crim.P. 32.9 (establishing 30-day time limit for filing a petition for review from the state court's final decision on the PCR petition). Accordingly, he was required to file the instant petition on these claims 1 year later – on or before November 4, 2013.[3]

Petitioner's commencement of three subsequent untimely PCR proceedings in April 2012, October 2012, and February 2013 did not toll the limitations period. (Exhs. EE, LL, NN.) The state court dismissed each of these proceedings, expressly finding that Petitioner failed to timely file a PCR petition or failed to state a claim for which relief could be granted in an untimely or successive Rule 32 proceeding. (Exhs. MM & OO.) Because the state court ultimately dismissed the PCR proceedings as untimely, they were not "properly filed" under 28 U.S.C. § 2244(d)(2) and did not toll the statute of limitations. See Pace, 544 U.S. at 414-17 (finding that post-conviction proceeding that is rejected by state courts on timeliness grounds is not "properly filed" under 28 U.S.C. § 2244(d)(2)); Bonner v. Carey, 425 F.3d 1145, 1148-49 (9th Cir. 2005) (recognizing and applying Pace).

In sum, Petitioner filed the instant petition on November 14, 2014, over 1 year after the limitations period expired. The Petition is therefore untimely.

The Ninth Circuit recognizes that the AEDPA's limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. See Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530, 540 (9th Cir. 1998). Tolling is appropriate when "'extraordinary circumstances' beyond a [petitioner's] control make it impossible to file a petition on time." Id.; see Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (stating that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule") (citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v.

---

[3] Because the 1-year statute of limitations expired on a Saturday, Petitioner was required to file the instant petition on the following Monday – 1 year and 2 days after his conviction became final.

- 10 -

1  Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). A petitioner seeking equitable tolling must
2  establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some
3  extraordinary circumstance stood in his way." Pace, 544 U.S. at 418. Petitioner must also
4  establish a "causal connection" between the extraordinary circumstance and his failure to file
5  a timely petition. See Bryant v. Arizona Attorney General, 499 F.3d 1056, 1060 (9th Cir.
6  2007).

   Petitioner has not proffered any extraordinary circumstance that would justify equitable tolling or demonstrated that an external impediment hindered the diligent pursuit of his rights. And, Petitioner's *pro se* status, indigence, limited legal resources, ignorance of the law, or lack of representation during the applicable filing period do not constitute extraordinary circumstances justifying equitable tolling. See, e.g., Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.").

   To the extent Petitioner suggests that Martinez v. Ryan, ___ U.S.___, 132 S. Ct. 1309 (2012), applies in this context, he is mistaken. Martinez applies only to excusing procedural default and/or lack of exhaustion in state court. See id. at 1315. In Martinez, the Court held:

   > Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

   Id. at 1320. Thus, Martinez has no application to the statute of limitations in the AEDPA which governs Petitioner's filing in federal court. See McKinnie v. Long, 2013 WL 1890618 (C.D. Cal. Apr. 5, 2013) ("*Martinez* dealt solely with the state procedural default doctrine, which is entirely different from the issue presented here of whether petitioner's claims are time barred under the AEDPA statute of limitations."); Moore v. Williams, 2013 WL 271454 at *5 (D. Nev. Jan. 23, 2013) ("Petitioner has conflated the federal timeliness question with the issue of whether a claim in the federal petition is barred due to procedural default in state court."). Accordingly, Martinez does not present a basis for equitable tolling. Petitioner's habeas petition is untimely.

- 11 -

**CONCLUSION**

Having determined that Petitioner's habeas petition is untimely, the Court will recommend that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen pages in length. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file

///
///
///
///

1 objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

DATED this 17th day of June, 2015.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge